```
 1  STEFANI E. SHANBERG, State Bar No. 206717
        Email:  sshanberg@wsgr.com
 2  ROBIN L. BREWER, State Bar No. 253686
        Email:  rbrewer@wsgr.com
 3  WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
 4  650 Page Mill Road
    Palo Alto, CA 94304-1050
 5  Telephone:  (650) 493-9300
    Facsimile:   (650) 565-5100
 6
    Attorneys for Defendant and Counterclaimant
 7  SUPERFISH, INC.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LIKE.COM, a California corporation, | CASE NO.:  09-CV-5805-SBA |
| Plaintiff, | **SUPERFISH, INC.'S ANSWER AND COUNTERCLAIM** |
| v. | |
| SUPERFISH, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

Defendant and Counterclaimant Superfish, Inc. ("Superfish") hereby answers Plaintiff and Counterdefendant Like.com's ("Like.com") Complaint for Patent Infringement and Demand for Jury Trial ("Complaint"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### THE PARTIES

1. Superfish lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies them.

2. Superfish admits the allegations contained in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.   Superfish admits that Like.com purports to state a cause of action arising under the patent laws of the United States.  Except as thus expressly admitted, Superfish denies the allegations of paragraph 3 of the Complaint.

4.   Superfish admits that this Court has subject matter jurisdiction over this action.  Except as thus expressly admitted, Superfish denies the allegations of paragraph 4 of the Complaint.

5.   Superfish admits that personal jurisdiction is proper in this judicial district.  Except as thus expressly admitted, Superfish denies the allegations of paragraph 5 of the Complaint.

6.   Superfish admits that venue is proper in this judicial district.  Except as thus expressly admitted, Superfish denies the allegations of paragraph 6 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

7.   Superfish admits that Like.com purports to state a cause of action that is an Intellectual Property Action, and under the Court's Assignment Plan, assignment of this action to any division of the Court is proper pursuant to Civil Local Rule 3-2(c).

**ANSWER TO COUNT I:**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,542,610
AND CLAIM FOR INJUNCTIVE RELIEF**

8.   Superfish admits that Exhibit 1 purports to be a copy of U.S. Patent No. 7,543,610 ("the '610 patent") entitled "System and Method for Use of Images with Recognition Analysis."  Superfish admits the face of the '610 patent shows an issue date of June 2, 2009 and lists Salih Burak Gokturk, Munjal Shah, and Azhar Khan as inventors.  Superfish lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and on that basis denies them.

9.   Superfish admits that the website www.jewelryviewer.com is powered by Superfish technology.  Except as thus expressly admitted, Superfish denies the allegations of paragraph 9 of the Complaint.

10. Superfish admits that the website www.shoewindow.com is powered by Superfish technology. Except as thus expressly admitted, Superfish denies the allegations of paragraph 10 of the Complaint.

11. Superfish admits that its technology involves visual search. Except as thus expressly admitted, Superfish denies the allegations of paragraph 11 of the Complaint.

12. Because the allegations of paragraph 12 are too vague, Superfish lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies them.

13. Superfish denies the allegations contained in paragraph 13 of the Complaint.

14. Superfish denies the allegations contained in paragraph 14 of the Complaint.

15. Superfish denies the allegations contained in paragraph 15 of the Complaint.

16. Superfish denies the allegations contained in paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. Like.com's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

18. Superfish has not infringed, directly or indirectly, literally or by equivalents, any valid claim of the '610 patent.

### THIRD AFFIRMATIVE DEFENSE

19. The claims of the '610 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

20. Like.coms claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

21. Superfish reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant and Counterclaimant Superfish, Inc. ("Superfish") hereby alleges for its Counterclaim against Plaintiff and Counterdefendant Like.com ("Like.com") on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## THE PARTIES

22. Counterclaimant Superfish is Delaware corporation, with its principal place of business at 741 Barron Avenue, Palo Alto, California 94306.

23. On information and belief, Counterdefendant Like.com is a California corporation having a principal place of business at 777 Mariner's Island Boulevard, Suite 510, San Mateo, California 94404.

## JURISDICTION AND VENUE

24. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

25. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, as this is a judicial district in which a substantial portion of the events giving rise to the causes of action occurred.

## INTRADISTRICT ASSIGNMENT

26. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis.

## COUNTERCLAIM FOR DECLARATORY RELIEF

### (Declaratory Relief Regarding the '610 Patent)

27. Superfish realleges and incorporates by reference each allegations contained in paragraphs 22-26, inclusive, as if fully set forth herein.

28. Superfish develops and sells visual search technology.

29. On or about June 2, 2009, United States Patent No. 7,542,610 ("the '610 patent") entitled "System and Method for Use of Images with Recognition Analysis," issued to named inventors Salih Burak Gokturk, Munjal Shah, and Azhar Khan. The face of the patent states that the '610 patent was assigned to Like.com.

30. On or about December 10, 2009, Like.com filed its Complaint for Patent Infringement alleging infringement of the '610 patent, naming Superfish as Defendant.

31. Superfish has not infringed, is not now infringing, has not contributorily infringed, and has not induced infringement, either directly or indirectly, literally or by equivalents, any valid claim of the '610 patent named in Like.com's Complaint.

32. The '610 patent is invalid because it fails to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code.

33. Like.com denies some or all of the allegations in paragraphs 31 and 32 above. Therefore, a valid and justiciable controversy has arisen and exists between Superfish and Like.com. Superfish desires a judicial determination and declaration of the parties' respective rights concerning the '610 patent. Such a determination is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the validity and alleged infringement of the '610 patent.

## PRAYER FOR RELIEF

WHEREFORE, Superfish requests that the Court enter judgment in its favor and against Like.com on both Like.com's Complaint and Superfish's Counterclaim as follows:

(a) Dismissing Like.com's claims for patent infringement with prejudice and declaring that Like.com take nothing by way of its Complaint;

(b) Declaring that Superfish has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or by equivalents, any valid claim of the '610 patent;

(c) Declaring that the claims of the '610 patent are invalid;

(d) Ordering that Like.com, its agents, and all persons acting in concert or participation with Like.com, be enjoined from charging infringement of or instituting any further action for infringement of the '610 patent against Superfish;

(e) Awarding Superfish its costs incurred in this action, disbursements and attorneys fees to the extent permitted by law; and

(f) Granting such other and further relief as this Court may deem just and proper.

Dated: February 3, 2010    WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/ Stefani E. Shanberg_____
    Stefani E. Shanberg

Attorneys for Defendant and Counterclaimant
SUPERFISH, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6(a), Superfish hereby demands a jury trial of all issues triable by a jury.

Dated: February 3, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:       /s/ Stefani E. Shanberg
          Stefani E. Shanberg

Attorneys for Defendant and Counterclaimant
SUPERFISH, INC.