STEFANI E. SHANBERG, State Bar No. 206717
  Email:  sshanberg@wsgr.com
ROBIN L. BREWER, State Bar No. 253686
  Email:  rbrewer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendant and Counterclaimant
SUPERFISH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LIKE.COM, a California corporation, | CASE NO.:  09-CV-5805-SBA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT SUPERFISH, INC.'S MOTION TO STAY CASE PENDING *INTER PARTES* REEXAMINTION OF PATENT IN SUIT** |
| SUPERFISH, INC., a Delaware corporation, | |
| Defendant. | Date:  March 16, 2010<br>Time:  9:00 a.m.<br>Courtroom:  Courtroom 1, 4th Floor<br>Judge:  Honorable Saundra B. Armstrong |
| AND RELATED COUNTERCLAIMS. | |

[PROPOSED] ORDER GRANTING MOTION TO STAY
PENDING *INTER PARTES* REEXAMINATION
CASE NO.: 09-CV-5805-SBA

On December 10, 2009, Plaintiff Like.com ("Like.com") filed the instant patent infringement action against Defendant Superfish, Inc. ("Superfish"), accusing it of infringing U.S. Patent No. 7,542,610 (the '610 patent"). On February 3, 2010, Superfish filed an answer and a counterclaim requesting a declaration of noninfringement and invalidity of the '610 patent. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

The parties are presently before the Court on Superfish's Motion to Stay Case Pending *Inter Partes* Reexamination of Patent in Suit. Having considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.

## I.     BACKGROUND

Like.com is the owner of the '610 patent, entitled "System and Method For Use of Images With Recognition Analysis" which was issued by the United States Patent and Trademark Office ("PTO") on June 2, 2009. (Compl. ¶ 8.) On December 10, 2009, Like.com filed the present complaint alleging infringement of the '610 patent by Superfish. (*Id.* at ¶ 13.) The complaint was served on December 14, 2009, and on January 4, 2010 the parties filed a stipulation extending Superfish's time to respond to the complaint to February 3, 2010. (Dkt. No. 4.) On February 3, 2010, Superfish filed an answer and a counterclaim requesting a declaration of noninfringement and invalidity of the '610 patent. (Dkt. No. 10). By Order dated January 28, 2010, the Court set an initial Case Management Conference for March 18, 2010. (Dkt. No. 9). No discovery has been taken, and no other dates have been set in this action.

On February 2, 2010, Superfish filed a request for *inter partes* reexamination of the '610 patent with the PTO, pursuant to 28 U.S.C. § 311, seeking to invalidate all of the asserted claims of the patent-in-suit. (Shanberg Decl. Exh. A.) Superfish tendered nine prior art references, not considered by the PTO in the prosecution of the application that matured into the '610 patent, to support its assertion that all claims of the '610 patent are invalid. Pursuant to 35 U.S.C. § 312, the PTO must decide whether to grant Superfish's request for *inter partes* reexamination by April 30, 2010. *See* 35 U.S.C. § 312.

[PROPOSED] ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REEXAMINATION CASE NO.: 09-CV-5805-SBA                                       - 1 -

Superfish filed the instant motion to stay the instant action pending reexamination on February 3, 2010.

**II.   LEGAL STANDARD**

"A patent is presumed valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." *Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted).  However, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art.'" 35 U.S.C. § 302.  Reexamination is a procedure by which any person can request that the PTO reexamine or reevaluate the patentability of an unexpired United States patent.  *See* 35 U.S.C. § 302 (*ex parte* reexamination); *id*. § 311 (*inter partes* reexamination).  "Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO."  *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002) (citations omitted).  Patent invalidity is a commonly asserted defense, and courts should be cognizant of Congress's intent to utilize the PTO's specialized expertise to reduce costly and time-consuming litigation.  *Id*.

A district court has the discretion to stay judicial proceedings pending reexamination of a patent.  *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *accord Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008).  There is a "'liberal policy in favor of granting motions to stay proceedings pending the outcome'" of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *See, e.g.*, *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C-06-2252 SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007) (Armstrong, J.) (citation omitted); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-3116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006) (White, J.); *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (Walker, J.).

In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly

prejudice or present a clear tactical disadvantage to the non-moving party. *Spectros Corp. v. Thermo Fisher Scientific, Inc.*, No. 09-1996, 2010 WL 338093, at *2 (N.D. Cal. Jan. 20, 2010) (Armstrong, J.) (citations omitted). A trial court's order staying an infringement suit pending the completion of reexamination proceedings is not appealable. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983).

### III.   ANALYSIS

#### A.   Stage of Litigation.

This litigation is in its embryonic stages. Like.com filed this action on December 10, 2009. Superfish's request for a stay comes less than two months after Like.com filed the complaint for patent infringement, on the same day Superfish filed its answer and counterclaim, and only one day after Superfish filed its request for *inter partes* reexamination of the '610 patent. No discovery has been taken, and no trial date has been set. Thus, the Court finds that this factor favors a stay. *See Yodlee, Inc. v. Ablaise Ltd.*, Nos. C-06-07222 SBA, C-06-02451 and C-07-01995 SBA, 2009 WL 112857, at *4 (N.D. Cal. Jan. 16, 2009) (Armstrong, J.).

#### B.   Simplification of Issues for Trial.

The second factor examines whether a stay will simplify the issues in question and trial of the case. As this Court has previously observed, "[t]o truly simplify the issues . . . the outcome of the reexamination must finally resolve all issues in the litigation." *Id.* at *5 (N.D. Cal. Jan. 16, 2009) (Armstrong, J.) (citations and internal quotations omitted).

Here, the Like.com has brought a single claim for infringement of the '610 patent. Superfish's counterclaim seeks to have the '610 patent declared invalid and not infringed. If the PTO concludes upon reexamination that the '610 patent is invalid, the case will be resolved. *See Spectros Corp.*, No. 09-1996, 2010 WL 338093, at *2. The Court, therefore, finds that this factor weighs in favor of a stay.

#### C.   Undue Prejudice or Clear Tactical Disadvantage.

The "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'" *Id.* (citation omitted). Any alleged prejudice resulting solely from this inherent delay "applies equally to any case where reexamination is sought." *Id.* "Some delay is more

1  than off-set by increased certainty of whether this single patent will survive re-examination and
2  whether there will be any need for litigation." *Nanometrics*, 2007 WL 627920, at *3.  Moreover,
3  Congress enacted the reexamination process as an alternative to litigation in order to provide a
4  faster and less expensive remedy when patent validity is at issue.  *See Patlex Corp. v.*
5  *Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985).  In light of such objectives, it is incumbent
6  upon the Court to give serious consideration to staying an action pending reexamination where,
7  as here, the litigation is in its early stages and reexamination will potentially resolve all the issues
8  in the case.  *Spectros Corp.*, 2010 WL 338093, at *3.

9        Given that Superfish requested this stay pending the reexamination of the '610 patent so
10 early in the litigation, and there is no indication that Superfish has made this motion as a dilatory
11 tactic or in order to gain a strategic advantage, the Court is persuaded that this factor weighs in
12 favor of a stay.  Neither the Court nor the parties have yet invested substantial time or expense in
13 this litigation.  Further, Superfish has requested an *inter partes* reexamination which presents an
14 "even more compelling reason to grant a stay when an *inter partes* reexamination is proceeding
15 with the same parties." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 05:05 CV 81 DF, 2006 WL
16 2501494, at *3-4 (E.D. Tex. July 14, 2006).  Finally, Like.com's potential recovery of damages
17 will not be affected by the reexamination proceeding.  *See Nanometrics*, 2007 WL 627920, at *3
18 (citation omitted).  Nor does the fact that Like.com has requested injunctive relief create undue
19 prejudice or clear tactical disadvantage.  *See e.g.*, *Tse v. Apple, Inc.*, No. C 06-06573 SBA, 2007
20 WL 2904279 (N.D. Cal. Oct. 4, 2007) (granting stay in case involving prayer for injunctive
21 relief).

22       In sum, the Court is persuaded that the relevant factors militate in favor of a stay.

23 **IV.   CONCLUSION**
24       For the reasons stated above,
25       IT IS HEREBY ORDERED THAT:
26       1.   Defendant Superfish, Inc.'s Motion to Stay Case Pending *Inter Partes*
27           Reexamination of Patent in Suit is GRANTED.  The Court, therefore,
28           orders that all proceedings before the Court are stayed until the *inter partes*

1 | reexamination of U.S. Patent No. 7,542,610 before the United States Patent and Trademark Office is complete.

2. The Clerk of U.S. District Court shall ADMINISTRATIVELY CLOSE this matter.

3. The parties are instructed to submit status reports to the Court every six months, appraising the Court of the status of the pending reexamination proceedings. The parties are advised that the failure to submit such status reports could result in dismissal of this matter.

4. Upon final exhaustion of all pending reexamination proceedings, including any appeals, the parties shall jointly submit to the Court, within one week, a letter indicating that all appeals have been exhausted, and requesting that this matter be reopened and a case management conference be scheduled.

5. This Order terminates Docket No. 12.

IT IS SO ORDERED.

Dated:   6/29/10

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Court Judge

Presented by:
WILSON SONSINI GOODRICH & ROSATI

/s/ Stefani E. Shanberg
Stefani E. Shanberg

Attorneys for Defendant and Counterclaimant
SUPERFISH, INC.

[PROPOSED] ORDER GRANTING MOTION TO STAY    -5-
PENDING *INTER PARTES* REEXAMINATION
CASE NO.: 09-CV-5805-SBA